IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE J. SMITH, | : | |
|     Petitioner, | : | 1:17-cv-1130 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN, FCI SCHUYLKILL, | : | |
|     Respondent. | : | |

## **MEMORANDUM**

## **July 31, 2017**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on June 22, 2017, by Tyrone J. Smith ("Smith"), a federal inmate confined at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania. Smith seeks "the vacation of his career offender sentence and re-sentencing without that designation" based on the standards announced in *Mathis v. United States*, ⸺ U.S. ⸺, 136 S. Ct. 2243 (2016).

The Court has conducted preliminary review and, for the reasons set forth below, will dismiss the petition for lack of jurisdiction. *See* R. GOVERNING § 2254 CASES R. 4, 1(b). (b).[1]

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

I.  **Background**

Following a jury trial held in this district before the Honorable Sylvia H. Rambo, Tyrone Smith was convicted of "distributing and possessing with the intent to distribute 50 grams or more of crack cocaine, and 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1); using a communication facility in furtherance of drug trafficking in violation of 21 U.S.C. § 843(b); and conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine, and 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846." *United States v. Smith*, No. 1:CR-01-336-01, 2010 WL 2038535, at *1 (M.D. Pa. May 19, 2010). Judge Rambo imposed a sentence of 360 months imprisonment. *Id.* On April 14, 2005, the Third Circuit Court of Appeals affirmed the judgment of conviction but vacated the sentence and remanded the case for resentencing. *Id.* On remand, Judge Rambo imposed a sentence of 240 months imprisonment. *Id.* The Third Circuit Court of Appeals affirmed the sentence on appeal. *Id.* Smith filed a petition for writ of certiorari which was denied. *Id.* In April 2009, he sought relief *via* a motion pursuant to 28 U.S.C. § 2255. (*Id.*) The motion was denied on May 19, 2010. (Doc. 1, p. 9). The Third Circuit Court of Appeals denied a certificate of appealability on October 12, 2010. (*Id.*)

He files the instant petition pursuant to 28 U.S.C. § 2241 arguing that "[i]n light of Mathis v. United States, 136 S.Ct. 2243 (2016), [he] was improperly sentenced as a career offender." (Doc. 1, p. 13).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.).

The recognized exception to the general rule, that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court, is

3

"where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. U.S.*, 307 F.3d 117, 120 (3d Cir. 2002) (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Smith's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his sentence enhancement under the Armed Career Criminal Act, pursuant to *Mathis*, 136 S.Ct. 2243. The Third Circuit Court of Appeals has not extended the limited *Dorsainvil* exception to include situations where a prisoner is challenging a sentence enhancement based on an intervening change in substantive law. *Okereke*, 307 F.3d at 120 (refusing to extend *Dorsainvil* exception to sentencing challenge under *Apprendi*). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Smith fails to demonstrate that he falls within the *Dorsainvil* exception.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971).

The Court will enter an appropriate Order